THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATALIN PAMFILE, | CASE NO. C18-0985-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| TEXAS ATTORNEY GENERAL, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Magistrate Judge Mary Alice Theiler's recommendation that this Court review Plaintiff's complaint under 28 U.S.C. section 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 6 at 1.) Judge Theiler's recommendation follows her order finding that Plaintiff financially qualifies for *in forma pauperis* ("IFP") status. (*Id.*)

Pursuant to section 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain short and plain statements of the grounds for a district court's jurisdiction and a claim showing entitlement to relief. Fed. R. Civ. P.

MINUTE ORDER
C18-0985-JCC
PAGE - 1

8(a)(2); *see McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (at a minimum, a complaint must put a defendant on notice of what wrongs it committed and the grounds for a district court's jurisdiction). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must also put forth "a cognizable legal theory" for the relief sought. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In his complaint, Plaintiff alleges that the Texas Attorney General has "block[ed] my passport." (Dkt. No. 1-1 at 5.) He seeks its release to "fix my health in Europe" and to "see my family in Europe." (*Id*. at 3.) Plaintiff provides no further information on the nature of his allegations, the basis of the Court's jurisdiction, or a legal theory supporting the relief he seeks. (*See generally id.*) Instead, Plaintiff refers the Court to voluminous exhibits regarding Plaintiff's child support obligations, his medical records, his allegations of inadequate medical care by various actors, and his allegations of misdeeds by government actors including spying on its citizens and intentional food poisoning. (*See generally* Dkt. Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.) Plaintiff's complaint, even when construed liberally, does not satisfy Rule 8's pleading requirements. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Accordingly, Plaintiff's complaint is DISMISSED. Because it is not "absolutely clear that no amendment can cure [its] defects," the dismissal is without prejudice. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff may file an amended complaint no later than twenty-one (21) days from the date of this order. The Court will only order service if the amended complaint meets Rule 8's requirements for a short and plain statement of the facts supporting each claim against each named Defendant, a basis for this Court's jurisdiction, and a cognizable legal theory for the relief Plaintiff seeks. The Clerk is DIRECTED to mail a copy of this order to Plaintiff at 2404 Pine Street, Everett, WA, 98201. If no amended complaint is received within twenty-one (21) days from the date of this order, the Clerk is DIRECTED to

1   close this case.

2       DATED this 17th day of July 2018.

                           William M. McCool
                           Clerk of Court

                           s/Tomas Hernandez
                           Deputy Clerk