THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATALIN PAMFILE,<br><br>Plaintiff,<br>v.<br><br>TEXAS ATTORNEY GENERAL,<br><br>Defendant. | CASE NO. C18-0985-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. On July 17, 2018, Magistrate Judge Mary Alice Theiler recommended that this Court review Plaintiff's complaint under 28 U.S.C. section 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 6 at 1.) Judge Theiler's recommendation followed her order finding that Plaintiff financially qualifies for *in forma pauperis* ("IFP") status. (*Id.*) The Court previously directed Plaintiff to file an amended complaint, but he failed to do so. (Dkt. No. 8.)

Pursuant to section 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In his complaint, Plaintiff alleges that the Texas Attorney General has "block[ed] my passport." (Dkt. No. 1-1 at 5.) He seeks its release to "fix my health in Europe and to see my family in Europe." (*Id*. at 3.) Plaintiff provides no further information on the nature of his allegations, the basis of the Court's jurisdiction, or a legal theory supporting the relief he seeks. (*See generally id.*) Instead, Plaintiff refers the Court to voluminous exhibits regarding Plaintiff's child support obligations, his medical records, his allegations of inadequate medical care by various actors, and his allegations of misdeeds by government actors including spying on citizens and intentional food poisoning. (*See generally* Dkt. Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.)

Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, Plaintiff failed to file an amended complaint after given an opportunity by the Court. (Dkt. No. 8.) For those reasons, the Court DISMISSES Plaintiff's complaint without prejudice and without leave to amend.

DATED this 30th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE